IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES L. WIGGINS, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 04-cv-4243-JPG |
| vs. ) | |
| ) | CRIMINAL NO. 01-cr-40057 |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Petitioner pleaded guilty to one count involving the manufacture of methamphetamine. He was sentenced to 84 months imprisonment, five years supervised release, a fine of $500, and a special assessment of $100. No appeal was filed, and almost two years later he filed the instant motion under Section 2255.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States

> Code, Section 3742 or on any ground whatever, including ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II.11 (Doc. 208, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently then the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon Petitioner's relevant conduct. The maximum penalty for conspiracy to manufacture even the smallest amount of methamphetamine is 20 years. Based upon the conduct to which Petitioner admitted and others attributed to him, his applicable range of imprisonment was 70 to 87 months; Petitioner was sentenced to 84 months. There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Petitioner nor sentenced him above the statutory maximum.

Even if the Court were to find the waiver unenforceable, this motion is also barred by the statute of limitations. In this case, Petitioner was sentenced on January 10, 2003. He did not file a direct appeal; therefore, for purposes of § 2255, Petitioner's conviction became final in January 2003. *See generally Clay v. United States*, 537 U.S. 522, 525 (2003). Petitioner filed the instant motion on November 22, 2004. Thus, Petitioner's judgment of conviction was final for almost two years prior to the filing of his motion under § 2255, and he filed this motion ten months too late.

None of the exceptions to the statute of limitations can alter this finding. Petitioner's basis for this action is the rule "newly recognized" in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005). However, the Seventh Circuit already has held that these rulings do not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). *See also Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi v. New Jersey*, 530 U.S. 466 (2000) is not retroactively applicable).

Therefore, because the waiver provisions of his plea agreement are enforceable, Petitioner waived any right to bring this Section 2255. Furthermore, this § 2255 motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, the motion is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: March 9, 2006**

                                                 s/ J. Phil Gilbert
                                                 **U. S. District Judge**